1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-Filed 5/12/2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MARIA BUELL; ANTONIO ALVARO MORALES; and GUADALUPE JOAN PEREZ, | Case Number C 10-1952 JF (PVT) |
| Plaintiffs, | ORDER[1] TO SHOW CAUSE RE PRELIMINARY INJUNCTION; TEMPORARY ORDER RESTRAINING SENDING OF ABSENTEE BALLOTS |
| v. | |
| MONTEREY COUNTY, CALIFORNIA; and THE STATE OF CALIFORNIA, | [re: docket no. 8] |
| Defendants. | |

        Plaintiffs seek a temporary restraining order and preliminary injunction prohibiting

Defendants from going forward with a special election process to fill a vacancy in the Office of

Senator from California State Senate District 15.  A special primary election is scheduled for

June 22, 2010, and a special run-off election is scheduled for August 17, 2010.  The regular

primary election for this office was to occur on June 5, 2012, followed by the general election on

November 6, 2012.  The special elections were ordered by the Governor as a result of the

appointment of former State Senator Abel Maldonado as Lieutenant Governor, which created a

---

[1] This disposition is not designated for publication in the official reports.

1    vacancy in the Office of Senator.

2        Defendants concede that the special primary and special run-off elections in question are

3    changes in voting procedures within the meaning of Section 5 of the Voting Rights Act of 1965,

4    42 U.S.C. § 1973c ("Section 5"); that Monterey County is a covered jurisdiction pursuant to the

5    Voting Rights Act, *see Lopez v. Monterey County*, 519 U.S. 9, 12 (1996) (*Lopez I*)[2]; that

6    accordingly Monterey County must obtain preclearance of such changes from the United States

7    Department of Justice or the United States District Court for the District of Columbia prior to

8    enacting or seeking to administer them; and that in the absence of such preclearance neither

9    Monterey County nor four other counties all or part of which are located within the boundaries of

10   Senate District 15 may proceed with either the June 22 or the August 17 special election.

11       Plaintiffs ask the Court to restrain any further preparations for the elections immediately.

12   The County does not oppose Plaintiffs' request; the State[3] asks that the Court refrain from

13   entering any order based upon the County's pending application for preclearance and its

14   expectation that the Department of Justice will act on the request for preclearance in time for the

15   election process to proceed as presently scheduled.

16       The State contends that the public interest in allowing the electoral process to proceed is

17   compelling, that the County in fact sought expedited preclearance as soon as it was practicable to

18   do so following the Governor's issuance of the Special Election Proclamation, that even a

19   temporary interruption of election preparations would be the "death knell" for the special

20

21       [2] Three other California counties–Kings, Merced and Yuba–also are covered jurisdictions
22   but are not parties to the instant case. Counsel for the State advises that voters in these counties
     are not affected by this action.

23       [3] The State points out that the Court lacks jurisdiction to enjoin the State of California as
24   such. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (holding
     that "an unconsenting State is immune from suits brought in federal courts by her own
25   citizens..."). However, as the State recognizes in its opposition papers, Plaintiffs may obtain
     effective prospective relief against the State by identifying a state official who has "direct
26   authority and practical ability to enforce" the relief requested.  *See National Audubon Society,*
27   *Inc. v. Davis*, 307 F.3d 835, 846-48 (9th Cir. 2002), citing *Ex parte Young,* 209 U.S. 123, 28
     S.Ct. 441, 52 L.Ed. 714 (1908).

28

2

Case Number C 10-1952 JF (PVT)
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; TEMPORARY ORDER RESTRAINING SENDING
OF ABSENTEE BALLOTS
(JFLC1)

1  elections even if the Department of Justice ultimately were to grant preclearance, and that

2  allowing the Department of Justice a reasonable time within which to consider the expedited

3  preclearance request while at the same time allowing election preparations to go forward

4  appropriately balances the interests at stake.

5      In a case such as this, the role of the district court is limited to a determination of 1)

6  whether a change in voting procedures triggers the preclearance requirement of Section 5, 2)

7  whether preclearance has been obtained, and 3) what temporary remedy, if any, is appropriate.

8  *Lopez v. Monterey County*, 519 U.S. at 23. The Court's goal "must be to ensure that the covered

9  jurisdiction submits its election plan to the appropriate federal authorities for preclearance as

10  expeditiously as possible." *Id.* at 24. It is clear in the present case both that the preclearance

11  requirement of Section 5 applies and that Defendants have not yet obtained preclearance. The

12  only question, therefore, is the appropriate extent of equitable relief.

13      This Court dealt with a virtually identical situation in 2003 in *Salazar v. Monterey

14  County*, No. 03-3584, 2003 WL 22025010 (N.D. Cal. Aug. 15, 2003) .  In that case, the Court

15  stated that it was:

16          [E]xtremely reluctant to intervene in or disrupt the electoral process unless it
           clearly is compelled to do so. At the same time, permitting voting or other forms
17          of direct political participation to be affected by changes in voting procedures
           implemented in contravention of the Voting Rights Act cannot be countenanced.
18          Having considered the practical realities of the election process in light of these
           principles, the Court finds for present purposes that the interests at risk if the
19          election process is permitted to proceed up to the point at which actual voting or
           other direct participation is implicated are substantially outweighed by a
20          compelling public interest in proceeding with the election as presently scheduled,
           but that thereafter injunctive relief will be warranted in the absence of Section 5
21          preclearance.

22  *Id.* at *2.  As was the case in *Salazar*, it appears that actual voting first will be implicated when

23  the County sends absentee ballots to registered absentee and overseas voters.

24      Accordingly, and good cause therefor appearing, Defendants shall appear before this

25  Court[4] at 3:00 PM on Thursday, May 20, 2010, there and then to show cause, if any they have,

26  _____

27      [4]  Pursuant to 42 U.S.C. § 1973c, Plaintiffs have requested the convening of a three-judge

28  court.  The Chief Judge of the Ninth Circuit Court of Appeals has been notified of this request

3

why they, their agents, servants, employees and those in active concert or participation with

them, should not be restrained and enjoined pending trial of this action from accepting any

ballots, including absentee ballots, or operating any polling place in connection with the special

primary election and special run-off election currently scheduled for June 22, 2010 and August

17, 2010, respectively.  Counsel for Defendants shall advise the Court and opposing counsel

immediately of the substance of any and all communications from the United States Department

of Justice concerning the status of Defendants' request for Section 5 preclearance.  Pending the

hearing, the County is restrained from sending any absentee ballots to voters registered in

Monterey County until Section 5 preclearance has been obtained or until further order of the

Court.[5]  An undertaking shall not be required.

Any response or opposition with respect to Plaintiff's request for a preliminary injunction

must be filed by Defendants and Intervenors[6] on or before May 14, 2010; any reply to such

response or opposition must be filed on or before May 18, 2010. Because counsel have submitted

substantial briefing in connection with Plaintiffs' application for a temporary restraining order,

briefing with respect to this Order to Show Cause shall be limited to any change in the special

primary and special run-off election schedules and/or the response, if any, that Defendants have

received from the United States Department of Justice to their request for preclearance pursuant

and it is expected that the proceedings on May 20, 2010 will proceed before a three-judge panel.

[5]  The purpose of this limited restraining order is to ensure that no person who casts a vote with respect to the June 22 special primary election or August 17 special run-off election does so pursuant to voting procedures that have not been precleared pursuant to Section 5 of the Voting Rights Act. The Court notes that the County already has missed the statutory deadline for mailing absentee ballots to overseas voters and that this order will further shorten the time available for mailing ballots to the voters in question, but it concludes that it has no other alternative in view of the fact that the special elections cannot proceed in the absence of Section 5 preclearance. The Court expresses no opinion as to what remedies, if any, may be available to such voters under California law.

[6]  By a separate order issued this date, the Court granted the motion to intervene filed by Thomas Dominy, George E. Galvan, and Donna M. Dart, who identify themselves as registered voters residing within California State Senate District 15.

4

1    to Section 5 of the Voting Rights Act of 1965 and the legal effect of such response or lack

2    thereof on the issues presented by the instant case.

3

4    IT IS SO ORDERED.

5    DATED: May 12, 2010

6

7                                                    _____

8                                                    JEREMY FOGEL
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number C 10-1952 JF (PVT)
ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; TEMPORARY ORDER RESTRAINING SENDING
OF ABSENTEE BALLOTS
(JFLC1)