**E-Filed 5/21/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MARIA BUELL; ANTONIO ALVARO MORALES; and GUADALUPE JOAN PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>MONTEREY COUNTY, CALIFORNIA; and THE STATE OF CALIFORNIA,<br><br>Defendants. | Case Number C 10-1952 JF (PVT)<br><br>ORDER[1] DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE AND DISSOLVING TEMPORARY RESTRAINING ORDER<br><br>[re: docket no. 8] |

BEFORE: O'SCANNLAIN, Circuit Judge, WHYTE, Senior District Judge and FOGEL, District Judge:[2]

    Plaintiffs seek a preliminary injunction prohibiting Defendants from going forward with a special election process to fill a vacancy in the Office of Senator from California State Senate District 15. A special primary election is scheduled for June 22, 2010, and a special run-off

---

[1] This disposition is not designated for publication in the official reports.

[2] The Honorable Diarmuid F. O'Scannlain, United States Circuit Judge, United States Court of Appeals for the Ninth Circuit, and the Honorable Ronald M. Whyte, Senior United States District Judge, Northern District of California, sitting by designation pursuant to 28 U.S.C. § 2284.

election is scheduled for August 17, 2010. The regular primary election for this office was to occur on June 5, 2012, followed by the general election on November 6, 2012. The special elections were ordered by the Governor as a result of the appointment of former State Senator Abel Maldonado as Lieutenant Governor, which created a vacancy in the Office of Senator.

On May 12, 2010, this Court issued an order to show cause why injunctive relief should not be granted and a temporary order restraining Defendant Monterey County ("the County") from sending any absentee ballots to voters registered in Monterey County without first obtaining preclearance of certain changes in voting procedures pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c ("Section 5"). Since May 12, 2010, Defendants have obtained Section 5 preclearance as to all of the changes at issue. The County has represented to the Department of Justice and to this Court that it does not intend to submit any further changes for the Department's review.

The right to vote is fundamental to a democratic society, and thus litigation to ensure compliance with the provisions of the Voting Rights Act is of the utmost importance. However, in cases brought pursuant to Section 5, the role of the three-judge court is limited to a determination of 1) whether a change in voting procedures triggers the preclearance requirement of Section 5, 2) whether preclearance has been obtained, and 3) what temporary remedy, if any, is appropriate. *Lopez v. Monterey County*, 519 U.S. 9, 23 (1996). The court's goal "must be to ensure that the covered jurisdiction submits its election plan to the appropriate federal authorities for preclearance as expeditiously as possible." *Id.* at 24. The court does not assess independently whether the Department of Justice has acted appropriately in granting preclearance.[3]

Because all changes in voting procedures subject to Section 5 have been precleared, the Court concludes that there is no factual basis for injunctive relief at the present time. The Court

---

[3] A decision by the Department of Justice to grant preclearance does not bar future litigation under other provisions of the Voting Rights Act, nor does it preclude the Department of Justice itself from interposing subsequent objections to changes in voting procedures within a sixty-day period. 28 C.F.R. 51.41 and 51.43.

2

nonetheless will retain jurisdiction to grant appropriate injunctive relief in the event that circumstances change prior to the special primary election on June 22, 2010, or the special run-off election on August 17, 2010, or if the County for any reason fails to act in accordance with its representations to the Court and the Department of Justice.

Accordingly, and good cause therefor appearing, IT IS HEREBY ORDERED that the motion for preliminary injunction is denied without prejudice. The temporary order restraining mailing of absentee ballots is dissolved. The Court retains jurisdiction to grant appropriate relief in the event of a change in circumstances prior to the special primary election on June 22, 2010, or the special run-off election on August 17, 2010.

IT IS SO ORDERED.

Dated: May 21, 2010